999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARIN AUDUBON SOCIETY, Plaintiff-Appellant,
v.
William SEIDMAN, Director, FDIC; Federal Deposit Insurance
Corporation; James Bledsoe, Defendants-Appellees.
 No. 92-15003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided July 13, 1993.
 
 Before: LAY,* HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The issue in this case is whether the FDIC violated Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, when it sold a security interest in real property without consulting the Fish and Wildlife Service ("FWS"). The district court granted the FDIC's motion to dismiss for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On July 2, 1991, Marin Audubon Society ("Marin") filed a complaint in federal district court to challenge FDIC's failure to consult with FWS prior to the sale of a security interest in real property, pursuant to Section 7 of the ESA. FDIC filed a motion to dismiss for failure to state a claim, on the basis that the Section 7 consultation requirement did not apply because the sale of the note did not cause or permit any change in use of the property, and thus was not an action that "may affect" a listed species. See 50 C.F.R. § 402.14(a). The motion to dismiss for failure to state a claim was granted on November 22, 1991.
 
 
 4
 The gist of Marin's argument is apparently that an agency should consult with FWS whenever it transfers an interest in property that is habitat for a listed species and when opportunities for conservation exist. The ESA does not go quite so far. For Marin Audubon to have stated a claim under Section 7, the FDIC's alleged actions must constitute "agency action" within the meaning of 50 C.F.R. § 402.02.
 
 
 5
 The FDIC action was neutral because it did not alter the legal barriers to development. Prior to the transfer, the real property was owned by Bledsoe; after the transfer, it still was owned by Bledsoe, even though it was in foreclosure throughout. The FDIC action was only the sale of a security interest in real property. Unlike the situation in Lane County Audubon Society v. Jamison, 958 F.2d 290 (9th Cir.1992), it had no effect on any development or restrictions on development of the land. This is not the type of agency action contemplated by the statute or the regulations.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge, for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3